Houston & Texas Central R. R. Co. v. John O. Ford.

*(Case No. 3219.)*

1. Repeal of statute by implication — Statutes construed.— Section 1 of the act to fix the venue in certain cases, approved March 21, 1874 (Session Acts 14th Legislature, p. 31), which authorized suit against a railway company in any county where it had an agency, was not repealed by the first section of a subsequent act of the same legislature (Session Acts, p. 107). The first act was intended to extend the right to institute suits more particularly against railway companies, in counties other than that of the domicile of the company; while the second act was designed to extend a like remedy to any association, joint stock or insurance company.

2. Construction of statutes.— A more liberal rule of construction should be allowed against the repeal of one statute by another by implication, when both are passed by the same legislature, than would prevail if the last act were passed at a subsequent session.

3. Damages — Agency.— A passenger on a railroad purchased a ticket from one not the agent of that road, which was issued by one who was the general ticket agent of another railway company. The agent issuing the ticket was authorized, by custom among railroads, only to issue tickets of a certain prescribed form. The ticket purchased was not of the prescribed form, and on being presented was not accepted by the conductor, who ejected the passenger from the car, after the train had proceeded a few miles from the station, on his refusing to pay his fare as a passenger. On appeal by the railway company from a judgment for seven hundred and fifty dollars damages against it, *held,*

    1. The ticket having been issued by one who at most occupied to the defendant company the relation of special agent, the passenger purchased the ticket at his own peril.

    2. The ticket when presented being detached from the stub, and having printed on it the words "not good if detached," the conductor acted properly in rejecting it.

    3. The defendant company was not liable in damages.

    4. No special damage from inconvenience, disappointment or loss of time being proven, the verdict for seven hundred and fifty dollars was excessive, even had the company been liable.

Appeal from Travis. Tried below before the Hon. J. P. Richardson.

John O. Ford brought this suit March 11, 1875, against appellant, alleging that appellant is a common carrier, whose

legal residence is in Harris county, and who has an agent in Travis county; that on March 14, 1874, plaintiff was a passenger of defendant, having paid his fare to Waco; that when less than ten miles from Houston, defendant illegally ejected plaintiff from its cars, and refused to carry plaintiff any further, and acted wantonly and maliciously in the premises, to the damage of appellant in the sum of $5,000.

Citation was served on the appellant's agent in Travis county.

Appellant filed, 1, a motion to quash the return of service; 2, a plea to the jurisdiction, alleging that the injury occurred in Harris county, and that the place of performance of the contract was in McLennan county, and that defendant's domicile was in Harris county; 3, a general demurrer; 4, special exceptions to the effect that appellant was not liable for the malicious acts of its employes; 5, the general issue; 6, that plaintiff failed to present a ticket and to pay his fare when called upon by appellant's conductor, whereupon, at the civil request of the latter, plaintiff got off the train at the first station.

The motion to quash was overruled, so was the plea to the jurisdiction.

The cause, after the overruling of the plea to the jurisdiction, was tried mainly on the general issue, and the jury returned a verdict for $750 damages.

The facts disclosed that Ford, in March, 1874, purchased in Galveston from one Starr S. Jones, a railroad ticket from Galveston to Waco; that there were two tickets on one piece of paper, one being for the Galveston, Houston & Henderson Railroad, from Galveston to Houston, the other being for the Texas Central Railroad, from Houston to Waco; that the conductor from the Galveston road tore off the ticket for his road and returned the other half; that when he presented his ticket to the conductor on the Central road, he refused to receive it because it was detached from its stub, and demanded fare, which being refused, Ford was compelled to leave the train at Eureka, six miles from Houston; that the ticket was signed "H. B.

Andrews, general ticket agent;" that Andrews was author- ized by custom recognized by the two roads, to issue tickets, but of a prescribed form, and not such as the one purchased and presented; that the ticket had on it the words "not good if detached;" that it was presented in the condition in which it was purchased; that Ford had only been in Texas a few days, and was unwell when he left Galveston; that it was raining when he was compelled to leave the train at Eureka, where he stopped in a shanty until he could return to Houston.

The issuance of the ticket by Andrews was not questioned, nor his authority to issue to travel over the Central road ac- cording to a prescribed form of ticket, but the evidence showed that he had no authority to issue such a ticket as the one purchased by Ford.

*Hancock, West & North* for appellant.

I. On March 21, 1874 (Laws of 1874, p. 31), the legislature passed an act permitting such corporations to be sued in the county where the cause of action accrued, or in the county where it might have an agent. On April 17, 1874 (Laws of 1874, p. 107), the legislature passed an act permitting such corporations to be sued in the county where the cause of action accrued. This last act repeals so much of the act of March 21, 1874, as permitted such a corporation to be sued wherever it might have an agent. It will be perceived that both acts, up to the end of the first clause of the first act, cover and in- clude the same character of parties, to wit, all corporations, whether public or private, whether foreign or domestic, except towns, cities and counties, and that both legislate upon the same subject matter, viz.: suits against corporations; and that the evident intention and effect of both of these acts is to regulate the whole of the matters they respectively treat of. The last act provides that service of process may be had upon the agent or person representing such company, not as in the first act upon any agent in any county, but upon the agent where the suit can be brought, *i. e.*, the county where the cause

of action accrued. This last act makes no provision for the bringing of a suit and for service of process against a corporation in any county where it may happen to have an agency, as did the first act, and an attempt may be made from this to contend that that act is still in force. But this cannot be done logically and successfully, because a further reading of the last act will clearly demonstrate that it was the evident intention of the legislature that that provision of law should no longer exist. This last act, to show that the legislature had the whole subject matter under consideration, and to leave no room for construction as to the meaning of the words, "in which [county] the cause of action, or a part thereof, accrued"— for though in cases of personal injuries inflicted by a carrier, or a breach of contract by it, for instance, there can be no question as to where the cause of action accrued, yet there might be room for argument as to where a cause of action on a policy of life or fire insurance accrued, the foundation of the suit being the contract, evidenced by the policy, and not the loss or the death. To show, therefore, that the legislature had the whole subject in its mind, this last act further provides that suits against a fire or marine insurance company may be commenced in any county where the property (or any part of the same) insured may be situated; and in case of any suit against any life or accident insurance company, in any county where the person insured may reside. But it may be suggested that the word "may" in this last act leaves it optional with a plaintiff whether he will sue a railroad company, for instance, as in the case at bar, in any county where it has an agent under the first act, in the county where the loss occurred under the second act, or in the county of its domicile under the general law. The answer to this is that the word "may" means "must" about as often as it means "may;" that the word "may" in a statute means "must" whenever the object of the statute and its connection with the context and subject matter show that that is its meaning; that the word "may" in a statute often means "must" in one appli-

cation of the statute and "may" in another. These propositions are so elementary as not to need the support of authority. The meaning of these words is not fixed, but depends entirely upon the context and the intention of the statute, and upon the evils to be remedied by it. See Fowler *v.* Pirkins, 77 Ill., 271; 3 Hill, 602; 5 Selden (9 N. Y.), 163. If the word "may" in this second statute is to be taken in its optional sense, then the whole of the second statute becomes entirely inoperative, because it leaves the law in precisely the same condition in which it was after the passage of the first act and before the passage of the second. This last act then becomes a dead letter; its space in the statute might as well be blank. The only way in which a meaning and an effect can be given to it is by construing it to mean that no suit shall be brought against a corporation in a county where it may have an agency, as might be done under the first act, unless that county is also the one where the cause of action accrued, and where the suit may be brought under the provisions of the second act. The residence of appellant is in Harris county. The injury complained of took place in Harris county. Appellant is a railroad company, and has an agent in Travis county. Bryan *v.* Sundberg, 5 Tex., 424; Rogers *v.* Watrous, 8 Tex., 65; Stirman *v.* State, 21 Tex., 736; Fayette Co. *v.* Faires, 44 Tex., 514; Norris *v.* Crocker, 13 How., 429; United States *v.* Tynen, 11 Wall., 88; United States *v.* Case of Hair Pencils, 1 Paine C. C., 400; Dean of Ely *v.* Bliss, 5 Beav., 582; Rex *v.* Cator, 4 Burr., 2026; Missouri *v.* Severance, 55 Mo., 378, 386, 387; Harrington *v.* Rochester, 10 Wend., 548; People *v.* Burt, 43 Cal., 561; Evansville *v.* Bayard, 39 Ind., 450; Thorpe *v.* Schooling, 7 Nev., 15; *Ex parte* Smith, 40 Cal., 419; Parrott *v.* Stevens, 37 Conn., 93; Cumberland *v.* Magruder, 37 Md., 381; N. L. N. R. R. Co. *v.* B. & A. R. R. Co., 102 Mass., 386; Potter's Dwarris on Statutes, 154–160.

II. A party dealing with an agent should inquire into the extent of his authority. 1 Parson on Contracts (2d ed.), p. 40; Breen *v.* T. & P. R. R. Co., 50 Tex., 43; C., R. I. & P. R. R.

Co. *v.* Herring, 57 Ill., 59; Keeley *v.* B., etc., R. R. Co., 67 Me., 163; Bennett *v.* N. Y. C. & H. R. R. R. Co., 69 N. Y., 594.

III. The judgment is excessive, and not supported by the evidence and the pleadings, and is contrary to law. The amount recovered is excessive.

*Terrell & Walker* and *James H. Burts* for appellee.

I. The act of March 21, 1874, referred to in appellant's brief, is operative, and is the law of this state as to venue in such cases as this. It has been construed by this court, and is *stare decisis.* It was admitted that appellant had an agency in Travis county, and a copy of citation and of petition was served on him. Gen. Laws of Texas, 1874, 31, 32; Breen *v.* T. & P. R. R. Co., 44 Tex., 302.

II. If a party is an agent of a corporation to issue tickets to the traveling public, such corporation as principal is liable for the negligence or misfeasances of such party in the issuance of such tickets. Henderson *v.* Railroad Company, 17 Tex., 573; Merriman *v.* Fulton, 29 Tex., 97.

III. The action was based on a violation of the rights of appellee, and the duty of appellant to appellee and the public, and in such case the supreme court will not grant a new trial upon the ground of excessive damages when it does not appear at first blush that the damages are flagrantly excessive, or that the jury have been influenced by passion, prejudice or partiality. Cook *v.* Garza, 9 Tex., 358; Hoggland *v.* Cothren, 25 Tex., 345.

BONNER, ASSOCIATE JUSTICE.— The assignment of errors raises, among other questions, the following: That the court erred in rendering judgment against the defendant company on its plea to the jurisdiction; that upon the law and the evidence the defendant was entitled to judgment upon the merits, and that the verdict was excessive.

1. It is objected that though the trespass was committed in

the county of Harris, in which the defendant had its domicile, the suit was brought in the county of Travis, in which it had simply an agency.

Section 1, acts 14th Leg., 31, approved March 21, 1874, provides: "That hereafter any public or private corporation, including railroad companies, * * * may be sued in any court in this state having jurisdiction of the subject matter, in any county where the cause of action or a part thereof accrued, or in any county where such corporation has an agency, or representative, or in the county in which the principal office of such corporation is situated." By section 1 of a subsequent act, same session of the legislature (14th Leg., 107), approved April 17, 1874, it is provided:

"That any public or private corporation, * * * or any association or joint stock company, may be sued in any court having jurisdiction of the amount in controversy, in any county in this state, in which the cause of action, or a part thereof, arose; * * * *provided*, that any suit against a fire or marine insurance company or association may be commenced in any county where the property or any part of the same insured may be situated; and in case of any suit against any life or accident insurance company or association, suit may be commenced in any county where the persons insured, or any of them, may reside at the date of the suit."

Neither of these statutes contain a repealing clause.

It is contended by appellant, that as these two acts embrace the same subject matter the former is repealed by implication by the latter, and as this contains no provision to fix the venue simply by reason of agency in a particular county, the fact of such agency in Travis county did not give the district court of that county jurisdiction.

As said in the recent case of Railway Co. *v.* Willie, *ante*, p. 325, we are not advised why the legislature at the same session passed two separate acts so similar in their provisions.

It would seem, from the two sections above quoted, that the first act was intended to extend the right to institute suits, more

particularly against railroad companies, in other courts than that of the county of the domicile of the company; and that the second was intended to extend like remedy to any association, joint stock and insurance company.

As they were passed at the same session of the legislature, a more liberal rule of construction should be allowed against the repeal by implication of the first by the passage of the second, and we are of opinion that there is not such irreconcilable repugnancy between them as to authorize us to say that it was thus repealed.    Neill v. Keese, 5 Tex., 23; Cain v. State, 20 Tex., 355.

We do not say that a case might not arise which would not come within the intention of the legislature, as where suit should be brought in some county so disconnected with the principal business of the company, under such circumstances as would show that the law which was intended for the protection of plaintiffs had been designedly used to the injury of defendants.

2. The ticket presented by the plaintiff to the conductor was detached from the stub, and had upon it the words which the plaintiff admits that he had seen —" not good if detached."

As thus presented, by its express terms it was not sufficient to entitle the plaintiff to demand that he should be carried by the company, and the conductor was justified in rejecting it.

The liability of the company then, if any, must rest upon the improper issuance and sale of the ticket.

The testimony shows that it was sold to plaintiff by Jones, who had no connection as agent or otherwise with the defendant company, and which consequently was not bound by his act.    That it was issued by Andrews, who was the general ticket agent of the Galveston, Houston & Henderson Railroad, a different company from the defendant.    That he was not the agent of the defendant company, and had no authority whatever to issue tickets over its road, such as that presented by plaintiff; his only authority for this purpose being derived from a custom among railroad companies to issue tickets of a certain prescribed form.

At most, then, he occupied toward the defendant company but the relation of a special agent, with certain prescribed duties, and not having been held out by the defendant as its agent, the plaintiff dealt at his peril with him.

Whatever may have been the individual liability of Jones or Andrews, or of the company represented by him, for the wrongful act of the issuance and sale of an improper ticket, the defendant, under the circumstances as disclosed by the evidence, was not liable in damages. Story on Agency, § 126.

3. Even had the defendant been liable, we feel constrained to say that under the evidence the verdict seems excessive. His recovery was for actual damages only. He was carried but a few miles from Houston, and was detained but a few hours, and no special damage from inconvenience, disappointment or loss of time was proven. His slight sickness is not shown to have been occasioned by the delay, as he left Galveston on account of his health, and he was politely treated by the conductor.

Under these circumstances, it would seem that a verdict for $750 was excessive.

Judgment reversed and cause remanded.

Reversed and remanded.

[Opinion delivered May 21, 1880.]