SOUTHERN PACIFIC COMPANY v. G. P. SOREY.

No. 2334.    Decided November 10, 1911.

1.—Statutory Construction—Acts of Same Legislature.

Two Acts passed at the same session of a Legislature, each treating of the same subject, will be construed together and as if the provisions were contained in one Act, those of the latter Act prevailing where they are in conflict, as being the last expression of the legislative will.    (Pp. 480, 481.)

**2.—Same—Courts of Civil Appeals Case Stated.**

The Act of April 3, 1911, Laws, 32d Leg., p. 269, created the Courts of Civil Appeals for the Seventh and Eighth Districts, naming the counties embraced in each district respectively. A subsequent Act of the same Legislature (passed March 11, 1911, not approved by the governor, but becoming a law because his veto thereof was more than twenty days after adjournment) created the Court of Civil Appeals for the Seventh District. Held, that the second Act did not repeal the first; both were to be given effect so far as possible; both districts were lawfully established; where in conflict, the latter Act prevailed. Hence, Gaines and Borden counties placed in the Eighth District by the first Act and in the Seventh by the later one, constituted part of the Seventh District; counties which by the first Act had been left as before in the Second District, but by the last Act were placed in the Seventh now constitute also a part of the latter district. (Pp. 477-482.)

Questions certified from the Court of Civil Appeals, Eighth District, in an appeal from El Paso County.

*Beall, Kemp & Parker,* for appellant.

*J. M. Newton* and *Robert T. Neill,* for appellee.—Where two Acts of a Legislature are passed at the same session, the ordinary rules of construction employed to determine whether former laws have been repealed by the enactments of a subsequent Legislature are not applicable. The rule is, in the construction of Acts of the same session, the whole must be taken and construed as one Act. Nothing short of expression so plain and positive as to force upon the mind an irresistible conviction, or absolute necessity, will justify a court in presuming that it was the intention of the Legislature that their Acts passed at the same session should abrogate and annul one another. It is the intention of the Legislature which controls. If it is apparent that there was no intention to repeal the one Act by the other, the fact that the later Act was passed must be supposed to have happened by some unaccountable oversight. No accidental repeal will be sustained by the courts where it is apparent that it was not the intention of the Legislature to repeal. McGrady v. Terrell, 98 Texas, 427; Cain v. State, 20 Texas, 358; McKenzie v. Baker, 88 Texas, 669; Lovett v. Casey, 17 Texas, 594; Neal v. Keese, 5 Texas, 31; Railway v. Ford, 53 Texas, 371; Wilson v. Jordan, 33 S. E., 140; State v. Donnelly, 19 Pac., 680; United States v. Tyner, 11 Wall., 92; United States v. Claflin, 97 U. S., 551; Joliff v. State, 53 Texas Crim., 61; Austin v. Gulf, C. & S. F. Ry., 45 Texas, 265-6.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Eighth Supreme Judicial District. The statement and questions are as follows:

"This was a suit by the appellee against the appellant for damages for personal injuries, in the District Court of El Paso County. It resulted in a judgment in favor of the appellee on the 9th day of February, 1911. The motion for new trial was overruled on the 3d day of March, 1911, and notice of appeal was given to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas at

San Antonio. On March 5, 1911, the appellant filed in the District Court its supersedeas bond, reciting therein that it had appealed to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas at San Antonio. Transcript of the record and statement of facts was filed in the Court of Civil Appeals at San Antonio on June 3, 1911. That thereafter, to wit, on the 20th day of June, 1911, the Supreme Court of the State of Texas entered an order directing that this cause, which was then pending in said Court of Civil Appeals for the Fourth Supreme Judicial District, should be transferred to the Court of Civil Appeals for the Eighth Supreme Judicial District of Texas at El Paso; that in accordance with said order, the said cause was transferred to this court by the Court of Civil Appeals for the Fourth Supreme Judicial District on the 29th day of June, 1911, and the record was received and filed in this court on July 12, 1911.

"That this case was regularly submitted on October 26, 1911; that the said cause is now pending before this court, and has been submitted, as stated, but no opinion or judgment has therein been rendered or handed down.

"That on November 2, 1911, the appellant filed in said cause its motion (which accompanies the record herewith), which stated preliminarily the facts above set forth, and moved this court to proceed no further in the consideration or determination of this cause and to return the record, with all papers and briefs therein, to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas at San Antonio, for the following reasons, to wit:

"1. That the order heretofore referred to, of the Supreme Court of the State, entered on June 20, 1911, directing that this cause be transferred from the Court of Civil Appeals for the Fourth Supreme Judicial District to this court, was improper, for the reason that at said time, and since said time, and at this time, there was and is legally in existence no such court as the Court of Civil Appeals for the Eighth Supreme Judicial District of Texas at El Paso;

"2. For the reason that the Act of the Thirty-Second Legislature of the State of Texas creating the Court of Civil Appeals for the Eighth Supreme Judicial District, was not in effect at the date of the said order of the Supreme Court, and has not been since in effect, for the reason that the Act creating the Court of Civil Appeals for the Eighth Supreme Judicial District was repealed by the passage of the Act creating the Court of Civil Appeals for the Seventh Supreme Judicial District at Amarillo, which said bill redistricted the State and was in conflict and inconsistent with the bill creating the Court of Civil Appeals for the Eighth Supreme Judicial District at El Paso and repealed the same, and this court, in attempting to act under the said Act of the Legislature, has no power to hear and determine this cause or to proceed therein.

"We think we, and also the Supreme Court, are authorized to take judicial notice of the fact that there was passed by the Legislature one bill creating the Court of Civil Appeals at Amarillo and El Paso, which may hereafter be called the double bill, and another bill creating the Court of Civil Appeals at Amarillo, which may hereafter be

called the single bill. We think that this court, and also the Supreme Court, may take judicial notice of the time of the passage of these bills and of their contents. The specific questions which we desire to certify to the Supreme Court, and do certify, are:

"1. Is the Court of Civil Appeals for the Eighth Supreme Judicial District, located at El Paso, provided for and created by the double bill, now a legally created and existing Court of Civil Appeals for the Eighth Supreme Judicial District of Texas; or, did the passage of the single bill repeal the double bill and abolish the Court of Civil Appeals for the Eighth Supreme Judicial District provided for in said double bill?

"2. If the single bill did not repeal the double bill in toto, did it amend it in any particular, so as to affect the jurisdiction of the Court of Civil Appeals for the Eighth Supreme Judicial District, and if so, to what extent?"

The Thirty-Second Legislature enacted a law by which the existing Supreme Judicial Districts of the State were reorganized and the Seventh and Eighth Districts were created. That bill was signed by the presiding officers of each branch of the Legislature on the 10th day of March, 1911, was presented to the Governor on the 11th day of that month and approved by him on the 3d day of April, 1911. That bill is published with the general laws of that session, chapter 120, page 269.

At the same session the Legislature enacted a law known as House bill No. 25, by which the Seventh Supreme Judicial District was created, which was signed by the president of the Senate on March 11, 1911, and, on the same day, was presented to the Governor, who vetoed the bill on April 3, 1911. The Legislature adjourned on the 11th of March, 1911, hence the veto of the bill occurred after the expiration of twenty days from the adjournment, therefore the bill became a law at the expiration of March 31.

In creating the Seventh District the last named bill included some counties which were embraced in the Eighth District and some that were included in the Second District by the first bill. The following statement will show the conflicts. The counties on the left are included in the Eighth District in the first bill and the counties named in the right-hand column constitute the Second District as named in the first bill. The middle column constitute the Seventh District as created by the second bill:

| Eighth District. | Seventh District. | Second District. |
|---|---|---|
| Gaines, | Dallam, | Wichita, |
| Borden, | Sherman, | Cooke, |
| Andrews, | Hansford, | Montague, |
| Martin, | Lipscomb, | Clay, |
| Loving, | Ochiltree, | Archer, |
| Winkler, | Hartley, | Baylor, |
| Midland, | Moore, | Knox, |
| Glasscock, | Hutchinson, | Stonewall, |
| Reeves, | Roberts, | Haskell; |
| Ward, | Hemphill, | Throckmorton, |

Eighth District
Crane,
Upton,
Reagan,
Terrell,
Pecos,
Brewster,
Presidio,
Jeff Davis,
El Paso,
Ector.

Seventh District
Oldham,
Potter,
Carson,
Gray,
Wheeler,
Deaf Smith,
Randal,
Armstrong,
Donley,
Collinsworth,
Parmer,
Castro,
Swisher,
Briscoe,
Hall,
Childress,
Bailey,
Lamb,
Hale,
Floyd,
Motley,
Cottle,
Foard,
Hardeman,
Wilbarger,
King,
Dickens,
Crosby,
Lubbock,
Hockley,
Cochran,
Yoakum,
Terry,
Lynn,
Garza,
Kent,
Scurry,
Borden,
Dawson,
Gaines.

Second District
Young,
Jack,
Wise,
Denton,
Tarrant,
Parker,
Palo Pinto,
Stephens,
Shackelford,
Jones,
Mitchell,
Nolan,
Taylor,
Callahan,
Bosque,
Eastland,
Erath,
Hood,
Somervell,
Comanche,
Johnson,
Dawson,
Howard,
Scurry.

We will adopt the terms used in the certificate to designate the different bills—the double bill meaning the law which reorganized the Courts of Civil Appeals, and the single bill meaning the bill which created the Seventh District.

To the first question we answer that the paragraph of the double bill which created the Eighth District was not repealed by the single bill. The two bills being enacted at the same session of the Legislature upon the same subject, will be construed together, there being no irreconcilable conflict between their provisions. Neill v. Kesse,

5 Texas, 23, 51 Am. Dec., 746; Laughter v. Seela, 59 Texas, 184; Houston & T. C. Ry. Co. v. Ford, 53 Texas, 370; Frost v. Wenie, 157 U. S., 58; State v. Omaha El. Co., 75 Neb., 649.

In Neill v. Kesse, supra, the Supreme Court said, speaking through Mr. Justice Wheeler: "These statutes, being *in pari materia,* and relating to the same subject, are to be taken together and so construed, in reference to each other, as that, if practicable, effect may be given to the entire provisions of each. . . . Thus considered, there is no repugnancy between the provisions of these statutes. They may stand together, and effect may be given to the entire provisions of each. And thus to construe and give effect to them, is in accordance with the established rule of construction."

In the case of Frost v. Wenie, supra, the Supreme Court of the United States said: "It is to be observed that although the words of the Act of December 15, 1880, are broad enough, if literally interpreted, to embrace all the lands within the abandoned Fort Dodge military reservation north of the Atchison railroad, there are no words in it of express repeal of any former statute. It is well settled that repeals by implication are not to be favored. And where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both. In other words, it must not be supposed that the Legislature intended by a later statute to repeal a prior one on the same subject, unless the last statute is so broad in its terms and so clear and explicit in its words as to show that it was intended to cover the whole subject, and, therefore, to displace the prior statute."

The authorities are practically unanimous to the effect that when two Acts have been passed at the same session of a Legislature, each treating of the same subject, they will be construed as if the provisions were embraced in one Act, and, if there be a conflict, effect will be given to the intention of the Legislature.

To the second question we answer, the two bills having been enacted during the same session of the Legislature, and, being *in pari materia,* they will be construed together and effect given to the provision of both bills if it can be done by a reasonably fair construction.

The provisions of the double bill will be enforced except in so far as they are in conflict with the provisions of the single bill on the same subject, in which case the latter bill will prevail, as being the last expression of the Legislature.

Applying these rules of construction we can harmonize the two bills and give effect to both by according precedence to the single bill when there is a conflict. Gaines and Borden Counties are embraced in the Seventh District by the single bill, therefore, construing the laws as one, those counties are by the single bill transferred to the Seventh District, and appeals and writs of error from said counties will be returnable to the Court of Civil Appeals at Amarillo, and the remaining counties, composing the Eighth District, will

remain subject to the jurisdiction of the Court of Civil Appeals at El Paso.

The single bill places Dawson and Scurry Counties in the Seventh District, whereas they were in the Second District in the double bill. The effect will be to transfer those counties to the Seventh District, and appeals and writs of error from those counties will be returnable to the Court of Civil Appeals at Amarillo, as provided in the single bill.

Fisher County is in the Seventh District under the double bill, and has not been changed by the single bill, therefore it will remain in the Seventh District. Effect is thus given to both bills and they are made to harmonize.

All concurring.