

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 26, 1950

*Affirmed by*
*Ex Parte*
*Maria de Jesus de la O*
*(3-1-50)*
*29 Crim. 227*
*SW 2d 212 (1950)*

Honorable A. C. Winborn
District Attorney
Houston, Texas

Opinion No. V-990

Re: The status of H.B. 656 and
S.B. 425, Acts 51st Leg., 1949,
relative to contributing to child
delinquency in view of apparent
inconsistency between them.

Dear Mr. Winborn:

Your request for an opinion relates to the status of H.B. 656 and S.B. 425, Acts 51st Leg., R.S., 1949, Chapters 500 and 488, pages 924 and 910, respectively, both of which undertook to add to and strengthen the law for punishment of those who encourage or contribute to child delinquency. The general purpose of the two bills, in so far as they relate to child delinquency, is the same. But so many details and special provisions of the two bills are different that both bills on the same offense cannot stand. You ask which, if either, of the bills is now effective.

H.B. 656, which contained an emergency clause, was finally enacted by the Legislature on June 21, 1949. It was subsequently approved by the Governor on June 29, 1949, and reads as follows:

"Section 1. In all cases where any child shall be a delinquent, dependent or neglected child, as defined in the Statutes of this State, irrespective of whether any formal proceedings have been had to determine the status of such child, the parent or parents, legal guardian, or any person having such custody of such child, or any other person or persons who shall by any act encourage, cause or contribute to the dependency or delinquency of such child, or who acts in conjunction with such child in the acts which cause such child to be dependent or delinquent, shall be guilty of a misdemeanor, and upon conviction shall be punished by fine not exceeding Five Hundred Dollars ($500), or by imprisonment in the county jail for not more than six (6) months, or by both fine and imprisonment; provided, however, that the court in which the case is heard may suspend the sentence for violation of the provisions of this Act, and impose conditions upon the defendant as to his future conduct, and may make such suspension dependent upon the fulfillment by the defendant of

such conditions, and in case of the breach of such conditions or any part of them, the court may impose sentence as though there had been no such suspension. The court may also as a condition of such suspension, require a bond in such sum as the court may designate, to be approved by the Judge requiring it, to secure the performance by such person of the conditions placed by the court on such suspension; the bond by its terms shall be made payable to the County Judge of the county in which the prosecution is pending, and any money received from a breach of any of the provisions of the bond shall be paid into the county treasury. The provisions of law regulating forfeiture of appearance bonds shall govern so far as they are applicable. Exclusive jurisdiction of the offense defined in this Act is hereby conferred on Juvenile Courts, in accordance with the provisions of law establishing such courts.

"Sec. 2. By the term 'delinquency,' as used in this Act, is meant any act which tends to debase or injure morals, health or welfare of a child, drinking of intoxicating liquor, the use of narcotics, going into or remaining in any bawdy house, assignation house, disorderly house or roadhouse, hotel, public dance hall, or other gathering place where prostitutes, gamblers or thieves are permitted to enter and ply their trade, going into a place where intoxicating liquors or narcotics are kept, drunk, used, sold or given away, or associating with thieves and immoral persons, or enticing a minor to leave home or to leave the custody of its parents, guardians or persons standing in lieu thereof, without first receiving the consent of the parent, guardian or other person, in addition to all of the other acts which any other laws now in effect define to be delinquency or which create any child a delinquent.

"Sec. 3. Nothing contained in this Act shall be construed to repeal or affect any other Statutes regulating the powers and duties of Juvenile Courts; but Article 534 of the Penal Code is expressly repealed."

S.B. 425, which purported to amend Art. 534 of the Penal Code, was finally enacted by the Legislature on June 22, 1949, and was approved by the Governor on June 29, 1949. This Act was effective ninety days after adjournment of the Legislature or on October 5, 1949.

It reads as follows:

"Section 1. That Article 534 of the Penal Code of the State of Texas, as amended by Acts 1907, page 209;

Acts 1918, 4th Called Session, page 125; Acts 1929, 41st
Legislature, Chapter 103, be and the same is hereby
amended so as to hereafter read as follows:

" 'When any person is an habitual drunkard or an
addict to cocaine, morphine or other narcotics, and
in all cases where a child is caused to become a de-
linquent child or a dependent and neglected child under
the age of seventeen years, whether previously con-
victed or not, the parent, guardian or person having
the custody of, or the person responsible for such child,
habitual drunkard or narcotic addict, or any person who
by any act encourages, causes, acts in conjunction with,
or contributes to the delinquency, dependency or the
neglect of such child, habitual drunkard or narcotic ad-
dict, or who shall in any manner cause, encourage, act
in conjunction with or contribute to the delinquency,
dependency or the neglect of any such child under the
age of seventeen years, or habitual drunkard or nar-
cotic addict, shall be fined not exceeding Five Hundred
($500) Dollars or be imprisoned in jail not to exceed
one year, or both. By the term "delinquency" as used
herein is also meant any act which tends to debase or
injure the morals, health or welfare of such child,
habitual drunkard or narcotic addict, and includes
drinking intoxicating liquor, the use of narcotics, go-
ing into or remaining in any bawdy house, assignation
house, disorderly house, or road house, hotel, public
dance hall where prostitutes, gamblers or thieves are
permitted to enter and ply their trade, going into a
place where intoxicating liquors or narcotics are kept,
drunk, used or sold, or associating with thieves and
immoral persons, or cause them to leave home or to
leave the custody of their parents or guardian or per-
sons standing in lieu thereof without first receiving
their consent or against their will, or who by undue in-
fluence, cause such habitual drunkard or narcotic ad-
dict to unlawfully cohabit with any person known to them
to be an habitual drunkard or narcotic addict, and any
other act which would constitute such a child a delin-
quent or cause it to become a delinquent by committing
such act. The fact that a child has not been declared a
delinquent child or a neglected or dependent child, as
defined by the Statutes of this State, shall not be a de-
fense under this Act.' "

It is readily apparent that even though the two acts are in
pari materia they are inconsistent with each other in various pro-
visions, including those pertaining to jurisdiction, punishment, author-
ity to suspend sentence, and requiring bond. It is also to be observed

that the Act passed June 22, 1949 (S.B. 425) did not contain a provision expressly repealing the Act passed June 21, 1949 (H.B. 656).

When two acts on the same subject passed at the same legislative session are in irreconcilable conflict, and the first contains an emergency clause but the second does not, and both acts are approved by the Governor on the same day, which act, if either, is controlling?

It is stated in 1 Sutherland Statutory Construction (3rd Ed. 1943) 484, Sec. 2020 that:

"In the absence of an irreconcilable conflict between two acts of the same session, each will be construed to operate within the limits of its own terms in a manner not to conflict with the other act. However, when two acts of the same session cannot be harmonized or reconciled, that statute which is the latest enactment will operate to repeal a prior statute of the same session to the extent of any conflict in their terms . . . ." (Emphasis ours)

The same rule is announced in 59 Corpus Juris 928, Statutes, Sec. 533, wherein it is said that:

". . . where two acts relating to the same subject matter are passed at the same legislative session, there is a strong presumption against implied repeal, and they are to be construed together, if possible, so as to reconcile them, give effect to each, and thereby avoid an implied repeal, rather than to infer that one destroys the other; but, if the two are irreconcilable, the one which is the later expression of the legislative will ordinarily prevails over, and impliedly repeals, the other . . . ."

The rule is stated in 39 Tex. Jur. 147, Statutes, Sec. 79, as follows:

". . . But where two acts passed at the same session cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, which will stand as the final expression of the legislative will."

The above rules have been followed in this State by both the Supreme Court and the Court of Criminal Appeals.

In Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929), the Court had before it the question as to which of two acts passed at

the same session of the Legislature was controlling. The first act was approved March 22, 1927. The second act was approved March 25, 1927. The two acts were "thoroughly inconsistent and irreconcilable." In holding that the last act prevailed the court said:

"It will be observed that in the amendment approved March 25, 1927, there is no express repeal of the abolishing Act approved March 22nd. It is well settled that repeals by implication are not favored and that all acts and parts of acts in pari materia are to be construed as a whole and interpreted in such manner as that all may stand where such may reasonably be done. It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments."

Again in Wright v. Broeter, 145 Tex. 142, 196 S.W.2d 82 (1946) the Court speaking through the present Chief Justice said:

"There is no better statement of the rule of law applicable in the construction of two acts of the same session of the legislature than that made by Justice Wheeler in the early case of Cain v. State, 20 Texas 355. This language is taken from that opinion:

" '* * *The rule is, that in the construction of acts of the same session, the whole must be taken and construed as one act, and to make a latter provision repeal a former, there must be an express repeal, or an irreconcilable repugnancy between them; and then the latter will control. * * *

" '* * *nothing short of expressions so plain and positive as to force upon the mind an irresistible conviction, or absolute necessity, will justify a court in presuming, that it was the intention of the legislature that their acts passed at the same session, should abrogate and annul one another. The decent respect due a co-ordinate department of the government, would seem to forbid that such a presumption be indulged by the court. As we had occasion to say in Neill v. Keese, "it would not be a reasonable mode of construing acts of the legislature, so to construe them as to make one act repeal another passed at the same session. It cannot be suppose that it was their intention that acts thus passed should abrogate and repeal one another." 5 Tex. 33.'

"That rule has been consistently followed. McGrady v. Terrell, 98 Texas 427, 84 S.W. 641; Southern Pacific Co. v. Sorey, 104 Texas 476, 140 S.W. 334; Garrison v. Richards, 107 S.W. 861, error dismissed; 39 Texas Jur., Statutes, Section 78, and authorities cited. In order to uphold both acts the first act may be regarded as an exception to the second. Cain v. State, supra. Under the rule requiring that the two acts be construed together as one, we are not concerned with the question of whether or not any provisions in one may be found to be repugnant to corresponding provisions in the other. Our concern in this case is limited to a consideration of whether or not there is repugnancy between the particular provisions of the acts with reference to service of process. If it should be granted, as contended, that certain provisions of the second act are repugnant to corresponding provisions of the first, it would not follow that the whole of the first be stricken down, for the second act would repeal the first act only to the extent of the repugnancy. Any provisions in the first act not repugnant to provisions of the second act would remain as valid portions of the two acts considered as one. As stated in Garrison v. Richards, supra, 'Where two acts are passed at the same session of the Legislature they should be construed together as one act, and, if possible, so that both may stand. McGrady v. Terrell, 98 Texas 427, 84 S.W. 641; Lewis' Suth. on Stat. Const., Sec. 268. But where the two are repugnant and irreconcilable, the one approved last repeals the other _to the extent of the repugnancy._' "

In _Stevens v. State,_ 70 Tex. Crim. 565, 159 S.W. 505 (1913) the Court held that:

". . . In the case of Chiles v. State, 1 Tex. App. 31, this court said: 'The two acts, being passed at the same session of the Legislature, ought, if possible, to be construed together, so that both might stand as one embodiment of the legislative will. But it will be perceived that these two acts, though passed at the same session, cannot, by any known rule of construction, be so reconciled as that both may stand; and, in case there is such repugnance between the two as that one must give way, the rule is the last must stand as an expression of the will of the Legislature.' When the Supreme Court had jurisdiction in criminal matters, in the case of Cain v. State, 20 Tex. 359, Judge Wheeler, speaking for the court, said: 'The rule is that, in construction of acts of the same session, the whole must be taken and construed as one act, and, to make a latter

provision repeal a former, there must be an express repeal or an irreconcilable repugnancy between them, and then the latter will control.' --citing 3 Moore, 77; Sedgwick on Stat. & Const. Law, 410."

To the same effect are the holdings in Parshall v. State, 62 Tex. Crim. 177, 138 S.W. 759 (1911); Robertson v. State, 70 Tex. Crim. 307, 159 S.W. 713 (1913); and Ex Parte Nitsche, 170 S.W. 1101 (1914).

We now pass to a consideration of whether the fact that H.B. 656, because of its emergency clause, and therefore effective prior to S.B. 425, in any manner changes, or calls for an exception to the above announced rule of statutory construction. We think not. Although we have been unable to find any Texas case where the facts reflect that this exact point was presented and passed upon, it is well established in other jurisdictions that inasmuch as the latest expression of the legislative will prevails, the statute last passed will prevail over a statute passed prior to it, irrespective of whether the prior statute takes effect before or after the later statute. People v. Kramer, 328 Ill. 512, 160 N.E. 60 (1928); Newbauer v. State, 200 Ind. 118, 161 N.E. 826 (1928); State v. Schaumburg, 149 La. 470, 89 So. 536 (1921); State v. Marcus, 34 N.M. 378, 281 Pac. 454 (1929); Winslow v. Fleischner, 112 Ore. 23, 228 Pac. 101, 34 A.L.R. 826 (1924); Buttorff v. York, 268 Pa. 143, 110 Atl. 728 (1920).

The above rule was stated and followed in Attorney General's Opinion No. 0-5891, dated May 30, 1944.

Your attention is invited to the facts in State v. Marcus, supra, which in our opinion are parallel with those now under consideration. Chapters 107 and 128, Laws (1905) were both enacted by the same New Mexico Legislative Assembly and thereafter approved by the Executive Department on the same day. Chapter 107 took effect immediately upon its approval, whereas Chapter 128 took effect sixty days after approval. In holding that the statute which took effect later controlled, the Court said:

"When it is impossible entirely to harmonize two statutes which are in pari materia, that taking the later effect is controlling. 36 Cyc. 1151. The rule applies to two statutes approved, as were these, on the same date. Harrington v. Harrington's Est., 53 Vt. 649; Swift & Co. v. Sones, 142 Miss. 660, 107 So. 881; Naylor v. Bd. of Educ., 216 Ky. 766, 288 S.W. 690. Article 1 took effect at its passage. Laws 1905, c. 107, § 7. Article 2 took effect 60 days after its passage. Laws 1905, c. 128, § 24. It seems, therefore, that, as regards the matter here involved, article 1 has been repealed, and the prosecution fails."

We also call attention to <u>People v. Illinois Central Ry. Co.</u>, 295 Ill. 408, 129 N.E. 66 (1920) wherein it is said:

". . . The first amendment mentioned above was approved June 21, 1919, and the last-mentioned amendment was approved June 30, 1919, and the question to be here decided is which one of these two amendments controls. Two acts that are passed at the same session of the Legislature are not to be construed as inconsistent if it is possible to construe them otherwise; but, where it is impossible to give effect to both acts, the latest in point of time will prevail. Huston v. Newgass, 228 Ill. 575, 81 N.E. 1127; People v. Wabash Railroad Co., 276 Ill. 92, 114 N.E. 552. See, also, Lambert v. Board of Trustees, 151 Ky. 725, 152 S.W. 802, Ann. Cas. 1915A, 180, and authorities cited in note. The amendment approved June 21, 1919, was passed as an emergency act, but there was nothing to indicate that the other amendment, approved June 30, was passed as an emergency, but the act approved June 30, being passed later than the other, must be held, under the authorities just cited, as the two acts are absolutely inconsistent and cannot both be in force, to have been intended to repeal the former act and must prevail over the amendment approved June 21. . . ."

Accordingly you are advised that S.B. 425, Acts 51st Leg., R.S. 1949, Ch. 488, p. 910, being the later of the two Acts under consideration, is controlling and will prevail over the provisions of H.B. 656, Acts 51st Leg., R.S. 1949, Ch. 500, p. 924.

## SUMMARY

H.B. 656 and S.B. 425, Acts 51st Leg., R.S. 1949, Chapters 500 and 488, pp. 924 and 910, dealing with the subject of child delinquency, were approved by the Governor on the same day and were effective June 29, 1949, and October 5, 1949, respectively. The two Acts are in conflict and cannot be harmonized, and

since S.B. 425 is the latest expression of the Legislature it will prevail over H.B. 656.

APPROVED:                          Yours very truly,

Joe R. Greenhill                   PRICE DANIEL
First Assistant                    Attorney General

Price Daniel
Attorney General

                                   By *Charles E. Mathews*
                                   Charles D. Mathews
                                   Executive Assistant

CDM:v