

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 17, 1969

Ms. Elizabeth C. Jandt
County Attorney
Guadalupe County
Seguin, Texas  78155

Opinion No. M-339

Re:  Whether a county can sell
property acquired for county
road purposes but never used
without the advertisement
and sale at public auction
as directed by Article 1577,
V.C.S.

Dear Ms. Jandt:

In your recent request for opinion, you set forth the following facts:

"In about 1963 the County agreed to build a county road.  The road was to be an extension of a county road already in existence.  There were three property owners involved in the acquiring of the necessary right-of-way and each agreed to give the property to the County.  However, only property owner number two actually signed a deed conveying to the County a 40 foot right-of-way along the side of his tract of land.  Property owners number one and three never gave a deed to their part of the right of way.

"The County has now decided not to build said county road and would like to sell said 40 foot strip back to the original grantee.  Said 40 foot strip is not connected to the existing county road; the tract owned by property owner number one is between the existing county road and the 40 foot strip in question.  Said strip does not have any road improvements placed on it by the County and it has never been used by the county or anyone else for road purposes.  However, the County of Guadalupe did acquire said strip for the purpose of extending an existing county road."

In connection with these facts, you pose this question:

"Can the County of Guadalupe appoint a Special Commissioner by order entered in the minutes of

-1671-

> the Commissioners Court and direct that he sell
> said land directly to the original grantee at
> private sale or must the Special Commissioner
> advertise said 40 foot strip and sell it at
> public auction. Does this 40 foot strip con-
> stitute abandoned right-of-way property as
> mentioned in Article 1577, V.A.C.S., having
> never been used by the County for road purposes."

The property to which you refer was acquired to build a county road. It was conveyed to the county for this purpose and the intention of the Commissioners was to establish a county road thereon. It, therefore, constitutes county "right-of-way property". Abandonment is primarily a question of intent. To constitute "abandoned right-of-way property" for the purposes of Article 1577, Vernon's Civil Statutes, the better practice would be for the Commissioners Court to adopt a resolution duly entered on the minutes of the Commissioners Court declaring such right-of-way property is abandoned.

At the 60th Session of the Texas Legislature, two amendments to Article 1577 were enacted. These were Amendment to Article 1577 by Acts 1967, 60th Leg., p. 114, Ch. 48, Sec. 1 and Amendment to Article 1577 by Acts 1967, 60th Leg., p. 2071, Ch. 772, Sec. 1.

You will note that the two amendments contain only minor differences. It is well established that when a session of the Legislature enacts more than one amendment to a statute the two amendments will be construed together and if at all possible, both statutes will be given effect as one expression of the legislative will. Southern Pacific v. Sorey, 104 Tex. 476, 140 S.W. 334 (1911); Cole v. State, 106 Tex. 472, 170 S.W. 1036 (1914); Cain v. State, 20 Tex. 355, (1857); 53 Tex. Jur. 2nd 155, STATUTES, Sec. 105. The rule is further to the effect that where portions of enactments are in irreconcilable conflict, those portions not in conflict are to be given effect. As to the portions in conflict, the latest legislative expression prevails. Whittenburg v. Craven, 258 S.W. 52 (Tex. Comm. App., 1932).

Those portions of the two amendments to Article 1577 applicable to the question you pose are identical. In essence such amendments provide for the sale of county owned land and establish priorities as to certain property. After providing for the sale of county land by public auction after the advertisement thereof, both amendments contain the following language:

> "Provided, however, that where abandoned right-
> of-way property is no longer needed for highway
> or road purposes and the county decides to sell
> said right-of-way property, it shall be sold with
> the following priorities: (1) to abutting or ad-
> joining landowners; (2) to the original grantors,

his heirs or assigns of the original tract
from whence said right-of-way was conveyed; or
(3) at public auction as provided above;"

Article 1577, as amended, establishes definite priorities that
are to be followed in the sale by a county of abandoned right-of-
way property. Such property should be first offered at private
sale to abutting or adjoining landowners. Should no sale be
effected to adjoining and abutting owners, such property should
then be offered to the original grantor, his heirs or assigns of
the original tract from whence said right-of-way was conveyed. If
the property is not sold to any of the persons having the first two
priorities, the property should be advertised and sold at public
auction as provided by Article 1577, as amended.

## S U M M A R Y

Real property acquired by a county for the purpose
of constructing a road constitutes right-of-way
property whether a road is ever constructed thereon
or not. Whether such property has been abandoned
is a question of intent. To constitute "abandoned
right-of-way property" for the purposes of Article
1577, V.C.S., the better practice would be for the
Commissioners Court to pass a resolution entered on
the court's minutes declaring such property to be
abandoned. The two amendments to Article 1577 en-
acted by the 60th Legislature contain identical
language relative to the manner in which county real
property is to be conveyed and priorities that are
to be followed regarding certain property, and there-
fore such language is effective. Where property to
be sold by a county is abandoned right-of-way property,
the priorities established in Article 1577 must be
followed and such property should first be offered at
private sale to the adjoining or abutting owners, and
secondly to the grantor, his heirs or assigns of the
tract of land from whence such right-of-way property
was originally conveyed. If such property is not
sold at private sale to those persons having the
first two priorities, such property should be adver-
tised and sold at public auction as provided by
Article 1577, as amended.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Louis G. Neumann
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Scott Garrison
Rex H. White, Jr.
Bob Lattimore
Malcolm Smith

W. V. Geppert
Staff Legal Assistant