

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 24, 1971

Honorable James U. Cross
Executive Director
Parks and Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. M-960

Re: Does H. B. 605, Acts
of the 62nd Leg., R.S.,
1971, repeal S. B. 331
enacted at the same
session of the Legis-
lature, and a related
question?

Dear Mr. Cross:

You request our opinion as to the relative status of
House Bill 605, Section 8, Subsection (f), and Senate Bill 331,
Acts of the 62nd Legislature, Regular Session, 1971, Chapters
971 and 719, pages 2928 and 2355, respectively, both of which
undertook to add to and strengthen the law on safety equip-
ment on watercraft by amending Article 1722a, Vernon's Penal
Code. These two bills differ only as to a provision requir-
ing a passenger twelve (12) years of age or under to wear an
approved life preserver at all times.

You ask two questions:

First: "Does House Bill No. 605 repeal Senate
Bill No. 331?" Our answer is No.

Second: "Should our Department continue to
enforce Senate Bill No. 331 after
August 30, 1971?" Our answer is Yes.

House Bill 605 was finally passed by the Senate on
May 27, 1971, and by the House on May 30, 1971; it amends
Article 1722a, Vernon's Penal Code, the Water Safety Act,
in its entirety, effective on June 8, 1971. Sec. 8, Subsection
(f), of Article 1722a as amended reads as follows:

"Every _vessel_ shall carry at least one (1)
life preserver, or life belt, or ring buoy,
or other device, of the sort prescribed by
the regulations of the Commandant of the
Coast Guard for each person on board, so
placed as to be readily accessible. Pro-
vided, that every motorboat carrying

-4699-

> passengers for hire shall carry so placed
> as to be readily accessible at least one
> (1) life preserver of the sort prescribed
> by the regulations of the Commandant of the
> Coast Guard for each person on board."
> (Emphasis added.)

Senate Bill 331 was passed by the Senate on May 6, 1971, and by the House on May 31, 1971. It became effective August 30, 1971. It amends only Subsection (f) of Sec. 7 of Article 1722a, Vernon's Penal Code,[1] as it existed prior to the amendments made by the two Acts of 1971, to read as follows:

> "(f)  Every <u>motorboat</u> shall carry at least one
> (1) life preserver, or life belt, or ring buoy,
> or other device of the sort prescribed by the
> regulations of the Commandant of the Coast Guard
> for each person on board, so placed as to be
> readily accessible.  Provided, that every motor-
> boat carrying passengers for hire shall carry
> so placed as to be readily accessible at least
> one (1) life preserver of the sort prescribed
> by the regulations of the Commandant of the
> Coast Guard for each person on board.  <u>Provided
> further, that the operator of every Class A
> and Class 1 motorboat, while underway, shall
> require every passenger 12 years of age or
> under at all times to wear a life preserver of
> the sort prescribed by the regulations of the
> Commandant of the Coast Guard; and that only
> a life preserver, not a life belt or ring buoy,
> will satisfy this requirement.</u>"  (Emphasis
> added.)

It is apparent that the two acts are in <u>pari materia</u>. It is also to be observed that the Act passed on May 30, 1971, (H.B. 605), contained no provision expressly repealing another act, nor did the Act passed on May 31, 1971, (S.B. 331), contain a repealer clause.

When two acts on the same subject passed at the same legislative session are in <u>pari materia</u>, and both do not contain

---

1.  This Art. 1722a, V.P.C., both before and after the 1971 amendments, is the Water Safety Act.  (See its Section 1).

repealer clauses, which act, if either, is controlling?

It is stated in 1 Sutherland Statutory Construction (3rd Ed. 1943) 484, Sec. 2020, that:

"In the absence of an irreconcilable conflict between two acts of the same session, each will be construed to operate within the limits of its own terms in a manner not to conflict with the other act." (Emphasis added.)

Accord, 82 C.J.S. 507, Statutes, Sec. 297. Townsend vs. Terrill, 118 Tex. 463, 16 S.W.2d 1063 (1929); Wright vs. Broeter, 145 Tex. 142, 196 S.W.2d 82 (1946). In our opinion, there is no irreconcilable conflict between Senate Bill 331 and House Bill 605.

The two Acts differ in only two respects:

First: House Bill 605 applies to vessels, Senate Bill 331 applies to motorboats. These two terms in this respect are interchangeable. H.B. 605, Sec. 2a, Subsections (2) and (3).

Second: The two Acts are verbatim, excpet for the portion of Senate Bill 331 which we have underscored. The underscored language merely provides the additional requirement that a passenger twelve (12) years of age or under shall wear an approved life preserver at all times.

As of August 30, 1971, the provisions of Senate Bill 331 should be enforced in addition to the provisions of House Bill 605 wherein the latter comprehends Sec. 8, Subsection (f) of Article 1722a, Vernon's Penal Code.

## S U M M A R Y

As of August 30, 1971, the provisions of S.B. 331, Acts 62nd Leg., R.S., 1971, should be enforced, in addition to the provisions of Sec. 8, Subsection (f) of Article

1722a, Vernon's Penal Code, as enacted by H.B. 605 at the same Session.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jerry H. Roberts
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Sally Phillips
A. J. Gallerano
W. Dyer Moore
Ken Nordquist

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant