

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 10, 1972

Hon. Charles H. Jungmichel          Opinion No.  M-1231
House of Representatives
Austin, Texas  78711          Re:  Salaries of assistant
                                   school superintendents
                                   and whether Article 2700e-16,
                                   V.C.S., is repealed by
                                   Section 17.52, Texas Edu-
Dear Representative Jungmichel:      cation Code.

        In your recent opinion request you asked whether Chapter
487, Acts of the 62nd Legislature, Regular Session 1971, (Article
2700e-16, Vernon's Civil Statutes) was repealed by Section 1 of
Chapter 778, Acts of the 62nd Legislature, Regular Session 1971,
(Subsection (a) of Section 17.52, Texas Education Code).

        Chapter 487, Acts 62nd Leg., R.S. 1971, or Article
2700e-16 (passed May 20, 1971, effective August 30, 1971), re-
lates to the salaries of the assistants to the county school
superintendent in certain counties and reads in part as follows:

        "Section 1.  In all counties having a popu-
    lation of not less than 19,500 nor more than
    19,680 or not less than 36,100 nor more than
    36,700, according to the last preceding federal
    census, the first assistant to the county school
    superintendent is entitled to receive an annual
    salary of not more than $11,000."

Section 1 of Chapter 778 (Acts 62nd Leg., R.S. 1971, Ch. 778,
p. 2431, passed May 26, 1971, effective August 30, 1971) or Sub-
section (a) of Section 17.52 of the Texas Education Code, reads:

        "Section 1.  Subsection (a), Section 17.52,
    Texas Education Code, is amended to read as follows:

        "'(a) The office budget for an appointive or
    elective county superintendent may include the
    following items:

        "'(1) Employment of a competent assistant with
    approval and confirmation of the county school

trustees or county board of education.  In counties
with a total population equaling or fewer than
100,000, according to the last federal census,
the annual salary of such assistant shall not exceed
$6,000.  In counties with a total population greater
than 100,000, according to the last federal census,
the annual salary of such assistant shall not exceed
$6,500.

"'(2) Employment of such other assistants as
may be necessary, provided that the total sum of
all assistants to the county superintendent does
not exceed annually $13,000 in counties having a
total population equaling or fewer than 100,000, nor
$13,500 in counties having a total population greater
than 100,000.'"

It is our opinion that Chapter 487 was not repealed by
Section 1 of Chapter 778.  We first observe that Chapter 487, or
Article 2700e-16, Vernon's Civil Statutes, is a local law and is
thus unconstitutional.  It is restricted in its application to
only one of Texas' 254 counties in each of the specified popu-
lation brackets.  It is a local or special law which attempts
to regulate the management of public schools in contravention
of Article III, Section 56 of the Texas Constitution.  The
Supreme Court of Texas in Miller v. El Paso County, 136 Tex. 370,
150 S.W.2d 1000 (1941), at pp. 1001 and 1002, has stated the pre-
vailing rule regarding this type of legislation:

"Notwithstanding the above constitutional pro-
vision, the courts recognize in the Legislature a
rather broad power to make classifications for
legislative purposes and to enact laws for the
regulation thereof, even though such legislation
may be applicable only to a particular class or, in
fact, affect only the inhabitants of a particular
locality; but such legislation must be intended to
apply uniformly to all who may come within the
classification designated in the Act, and the
classification must be broad enough to include
a substantial class and must be based on char-
acteristics legitimately distinguishing such class
from others with respect to the public purpose
sought to be accomplished by the proposed legis-
lation.  In other words, there must be a substantial
reason for the classification.  It must not be a
mere arbitrary device resorted to for the purpose

of giving what is, in fact, a local law the appearance of a general law."

In our opinion Article 2700e-16 would create a class of counties without substantial basis and without sufficient legal distinguishing features and is therefore proscribed as a local or special law by Article III, Section 56 of the Texas Constitution.  See Attorney General's Opinions C-244 (1964), C-481 (1965), M-488 (1969), M-745 (1970), and M-1200 (1972).

You are therefore advised that Article 2700e-16, Vernon's Civil Statutes, is unconstitutional.  However, regardless of this, since Article 2700e-16 was passed on May 20, 1971, and Subsection (a) of Section 17.52 of the Texas Education Code was passed on May 26, 1971, the later statute controls and repeals Article 2700e-16.  In construing acts passed at the same session of the Legislature which do not have an express repeal and which have an irreconcilable conflict between them, the one passing the last House of the Legislature later in time will control and be the effective act, regardless of when it was approved or signed or to become effective.  Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); Wright v. Broeter, 145 Tex. 142, 196 S.W.2d 82 (1946); Ex parte Maria de Jesus de la O, 227 S.W.2d 212 (1950).  Your question is therefore answered in the affirmative.

## S U M M A R Y

Chapter 487, Acts 62nd Leg., R.S. 1971 (codified by Vernon as Art. 2700e-16, V.C.S.), is a local law, restricted in its application to only one county out of Texas' 254 counties in each of the specified population brackets, and is unconstitutional.  In any event, being prior in time of passage, it is repealed by Section 17.52, Subsection (a) of the Texas Education Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jim Maxwell
Harriet Burke
James Hackney
Jim Swearingen

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant