

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 23, 1971

Honorable Neal E. Birmingham      Opinion No. M-959
Criminal District Attorney
Cass County Courthouse      Re:   Whether H. B. 305 and S. B.
P. O. Box 555                          240, 62nd Leg., R.S., 1971,
Linden, Texas 75563            conflict as to the filing of
                                     condemnation cases in Cass
Dear Mr. Birmingham:          County, and related questions.

You request our opinion construing Senate Bill 240 and House Bill 305, both enacted by the 62nd Legislature at its Regular Session in 1971, wherein they relate to eminent domain proceedings in Cass County. Specifically you ask,

> ". . . with whom should a proceeding in eminent domain be instituted, who will appoint the special commissioners, receive their awards, and, in the absence of an objection to such awards, file judgment?"

You state that Cass County has no county court at law.

Our opinion is that a petition in condemnation should be filed with the Judge of the 5th Judicial District Court of Cass County who has jurisdiction over all further proceedings. [1]

Senate Bill 240 is the latest act of the Legislature and will prevail over House Bill 305 to the extent of any irreconcilable conflict. [2] Ex parte

---

1.      This opinion does not cover the period of time between May 19, 1971, the effective date of H. B. 305, and June 9, 1971, the effective date of S. B. 240.

2.      H. B. 305 was passed by the House on April 29, 1971, and by the Senate on May 13, 1971. S. B. 240 was finally passed by both the Senate and the House on May 31, 1971.

De Jesus De La O, 227 S. W. 2d 212 (Tex. Crim. 1950); Attorney General's Opinions No. M-501 (1969) and No. V-990 (1950. ) To the extent the two Acts may be reconciled both must stand. Wright v. Broeter, 145 Tex. 142, 196 S. W. 2d 82 (1946. )

We know of no law in effect at the time of the enactment of Senate Bill 240 or House Bill 305 which granted to the county court of Cass County any special jurisdiction in eminent domain cases. Both of these Acts removed from that court differing jurisdiction in eminent domain cases. House Bill 305 removed certain trial jurisdiction and vested it in the 5th Judicial District Court. Cass County is in this Judicial District and no other. Art. 199, V. C. S. Any and all jurisdiction relating to eminent domain which may have remained in the County Court after the enactment of House Bill 305 was wholly divested by Senate Bill 240 which was subsequently enacted. (See footnote 2. ) Section 1 of the latter Act reads,

> "The district courts of all counties in the State shall have jurisdiction concurrent with the county courts at law in eminent domain cases. The county courts shall have no jurisdiction in eminent domain cases. " (Emphasis added. )

Further, Article 1960, Vernon's Civil Statutes, as amended by Sec. 7 of Senate Bill 240 reads in part,

> ". . . The county courts shall have no jurisdiction in eminent domain cases. "

Section 2 of Senate Bill 240 reads,

> "In all counties in which there is no county court at law with jurisdiction of eminent domain cases, the party desiring to initiate condemnation proceedings shall file its petition with the district judge; and objections to the award of the special commissioners shall be filed in the district court. " (Emphasis added. )

Our opinion is that a petition in condemnation should be filed with the Judge of the 5th Judicial District, and that he should appoint the special commissioners, receive their award and, in the absence of an objection thereto, enter judgment.

## SUMMARY

In proceedings in eminent domain in Cass County the petition in condemnation should be filed with the Judge of the 5th Judicial District, and he should appoint the special commissioners, receive their award and, in the absence of an objection thereto, enter judgment.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John T. Richards, II and Ronald E. Tigner, Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jerry Roberts
Watson Arnold
S. J. Aronson
William Travis

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant