

# THE ATTORNEY GENERAL
# OF TEXAS

June 4, 1987

JIM MATTOX
ATTORNEY GENERAL

Ms. Jo King McCrorey
Executive Director
State Board of Barber Examiners
1300 E. Anderson Lane
Bldg. C, Suite 275
Austin, Texas   78752

Opinion No.  JM-719

Re:  Whether members and employees of the State Board of Barber Examiners may engage in certain activities without creating a conflict of interest

Dear Ms. McCrorey:

On behalf of the State Board of Barber Examiners, you ask several questions about potential conflicts of interest.  Your first question is whether it would be a conflict of interest for the board to examine one of the board members for licensure.

Article 6252-9b, V.T.C.S., sets standards of conduct for state officers and employees.  Section 1, of article 6252-9b, provides:

> It is the policy of the State of Texas that no state officer or state employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest.  To implement this policy and to strengthen the faith and confidence of the people of Texas in their state government, there are provided standards of conduct and disclosure requirements to be observed by persons owing a responsibility to the people of Texas and the government of the State of Texas in the performance of their official duties.  It is the intent of the legislature that this Act shall serve not only as a guide for official conduct of these covered persons but also as a basis for discipline of those who refuse to abide by its terms. (Emphasis added).

See also V.T.C.S. art. 6252-9b, §8 (specific standards of conduct); art. 8407a, §29B(b) (restrictions on members of the Board of Barber Examiners).  Whether a particular activity violates article 6252-9b is usually a question of fact, which cannot be resolved in the opinion

process. See Attorney General Opinion H-1288 (1978). In this case, however, we conclude that as a matter of law it would conflict with a board member's discharge of his duties as a member of the Board of Barber Examiners if he took an examination administered by the board.[1]

The Texas Barber Law, article 8407a, V.T.C.S., provides for a six-member Board of Barber Examiners:

> The State Board of Barber Examiners is hereby created and shall consist of six members. appointed by the governor with the advice and consent of the senate. The board shall be composed of the following: two members shall be Class A barbers actually and actively engaged in the practice of barbering for at least five years prior to being appointed and while serving as members of the board and who are not holders of a barber shop permit issued by the board; one member shall be a barber shop owner holding a permit issued by the board and who is actively and actually engaged in the practice of barbering for at least five years prior to being appointed and while serving as a member of the board; one member shall be a person holding a permit from the board to conduct or operate a barber school or college; and two members shall be representatives of the general public who are not regulated under this Act and who do not have, other than as consumers, any financial interests in barbering. The terms of office shall be for six years with terms for two of the six board members expiring at the same time every two years. All members appointed by the governor to fill vacancies in the board caused by death, resignation, or removal shall serve during the unexpired term of such member's predecessor. Before entering upon the duties of office, each member of the board shall take the constitutional oath of office and file it with the secretary of state. Members of the board may be removed from office for cause in the manner provided by the statutes of this state for public officials who are not subject to impeachment. In case of death, resignation, or removal, the vacancy of the unexpired term shall be

---

1. Your question raises another issue. Two board members must be persons not regulated by the board. If one of those members became licensed as a barber, the board would no longer be duly constituted. See generally Attorney General Opinion JM-578 (1986).

> filled by the governor in the same manner as other
> appointments.  (Emphasis added).

V.T.C.S. art. 8407a, §26(a).

The preparation and administration of licensing and certification examinations is one of the main duties of the State Board of Barber Examiners.  The board administers several different types of examinations.  It administers examinations to persons who wish to become licensed as Class A registered barbers, V.T.C.S. art. 8407a, §7; to persons who wish to become certified as barber teachers, V.T.C.S. art. 8407a, §9(f); and to persons who wish to obtain certain speciality licenses, such as manicurist licenses or wig specialist licenses, V.T.C.S. art. 8407a, §§15 through 17.

The purpose of the board's examinations is to determine whether the examinee has the knowledge and skill necessary to the relevant license or certification.  See art. 8407a, §§7, 9(b), 11(a), 14(b), 15(d), 16(d), 17(d).  The board could not fairly test the competence of an examinee who knew in advance the contents of the examination. Therefore, if a board member were to take an examination, he would not be able to participate in the preparation of the examination.  Cf. V.T.C.S. art. 6252-9b, §6(a).  Furthermore, if the board member had participated in the preparation of previous examinations, the board would not be able to re-use questions from these examinations.  See generally Open Records Decision Nos. 353 (1982); 118 (1976).

Because taking an examination administered by the board would preclude a board member from participating in one of the board's most important tasks and could work a hardship on the entire board, it would be in substantial conflict with the board member's discharge of his public duties.  We conclude, therefore, that a board member would violate the policy set forth in article 6252-9b by taking a licensing or certification examination given by the board.  Furthermore, an appointed state officer must take an oath promising to faithfully execute the duties of his office.  Tex. Const. art. XVI, §1.  Taking a board examination would place a board member in a position in which he would not be able to fulfill that oath.  See also V.T.C.S. art. 5967 (state officers may be removed for good cause).  Therefore, a member of the State Board of Barber Examiners may not take a licensing or certification examination given by the board.

You also ask whether a barber inspector, a board employee, may engage in certain activities related to barbering.  We must consider your questions about board employees not only in light of the policy and standards set out in article 6252-9b, but also in light of conflict-of-interest provisions in the barber licensing statute, article 8407a.  Section 27a, which was added to article 8407a in 1967, provides:

> (a) No barber inspector or other employee of the State Board of Barber Examiners may sell barber supplies or engage in any other business which deals directly with barbers, barber shops, or barber schools except that he may engage in the practice of barbering.
>
> (b) Violation of this section is a misdemeanor, and upon conviction is punishable by a fine of not more than $5,000, or by confinement in the county jail for not more than two years, or both.

Section 29B, which was added in 1979, provides in part:

> Sec. 29B. (a) An employee of the State Board of Barber Examiners whose duties include the administration of the board's functions under this Act may not:
>
> (1) have, other than as a consumer, a financial interest in barbering;
>
> (2) be an officer, employee, or paid consultant of a trade association in the barbering industry; or
>
> (3) be related within the second degree by affinity or within the second degree by consanguinity to a person who is an officer, employee, or paid consultant of a trade association in the barbering industry.
>
> . . . .
>
> (c) An employee who violates this section is subject to dismissal. . . .

Before we can address your specific questions, we must address whether section 27a has been impliedly repealed. It has been suggested that section 29B impliedly repealed section 27a because section 29B(a), the later enactment, is a comprehensive prohibition on conflicts of interest and is more restrictive than section 27a.

Implied repeals are not favored. Standard v. Sadler, 383 S.W.2d 391 (Tex. 1964). If, by any reasonable construction, two acts can be construed so that both can stand, one will not be held to repeal the other. Cunningham v. Henry, 231 S.W.2d 1013 (Tex. Civ. App. - Texarkana 1950, writ ref'd n.r.e.). We think that the statutes in question can be harmonized to some extent, but we conclude that section 27a has been impliedly repealed to the extent that it

affirmatively allows barber inspectors to engage in the practice of barbering.

Section 29B applies to any board employee whose duties include the administration of the board's functions and provides that such an employee may not have any financial interest in barbering other than as a consumer. An employee who violates section 29B is subject to dismissal. Section 27a applies to all board employees and provides that an employee may not "sell barber supplies or engage in any other business which deals directly with barber shops, or barber schools except that he may engage in the practice of barbering." An employee who violates section 27a is subject to criminal penalties. We construe those statutes together to mean that an employee who violates the stricter standard of section 29B is subject to dismissal but not criminal prosecution. An employee who violates both sections would be subject to criminal prosecution under section 27a as well as dismissal under section 29B(c). Section 27a affirmatively states, however, that a barber inspector "may engage in the practice of barbering." That provision conflicts with section 29B(a)(1), which prevents a barber inspector from having a financial interest in barbering other than as a consumer. Because section 29B is a later enactment, we think that it repeals the clause in section 27a that provides that a barber inspector may engage in the practice of barbering. See Wright v. Broeter, 196 S.W.2d 82, 85 (Tex. 1946).

We now turn to your specific questions. You ask whether a barber inspector may take a course at a barber college during his off-duty hours. You also ask whether an inspector may take a course at a college located in his inspection territory or at a college owned by a board member. The prohibitions set out in article 8407a, section 27a, are not applicable to your question. Furthermore, although barber courses may ultimately lead to employment or other financial rewards, enrollment in a barber course is only an indirect and fairly remote financial interest in barbering. We conclude that such an indirect interest is not within the scope of the prohibition set out in section 29B. Cf. V.T.C.S. art. 6252-9b, §1 (prohibiting financial interest, direct or indirect, that are in substantial conflict, with state employment). The remaining issue, then, is whether a barber inspector's enrollment in a barber college would be in substantial conflict with the discharge of his duties as a barber inspector in violation of article 6252-9b.

Article 6252-9b provides that a state employee shall have no interest, financial or otherwise, that would be in substantial conflict with the discharge of his duties. Id. §1. We cannot say that a barber inspector's enrollment in a barber college would necessarily be in substantial conflict with his duties as a barber inspector. In this case, then, as in most cases, the determination of whether a substantial conflict exists is a question of fact. Therefore, the board must examine the facts of the case in question to determine whether a substantial conflict exists. We do note, however,

that an inspector's enrollment in a barber college that he is responsible for inspecting is more likely to create a substantial conflict of interest than enrollment in some other barber college. See generally V.T.C.S. art. 6252-9b.

You next ask whether the board may examine for licensure one of its own employees -- presumably the barber inspector in question. Article 8407a, section 27a, is not applicable to your question. Nor do we think section 29B is applicable to your question since taking a licensing examination is not a direct financial interest in barbering. Again, then, the issue is whether the conduct in question violates article 6252-9b. You do not suggest how taking a board examination might be in substantial conflict with a board employee's duties. Therefore, we cannot even speculate on whether a conflict exists. For employees who have a role in the preparation or administration of the examination, a conflict would exist if those employees had access to examination questions before the examination. We cannot say, however, that there is necessarily a conflict between being a board employee and taking a board examination.

Your final question is whether a barber inspector may be employed as a part-time teacher at a barber college. Article 8407a, section 29B, provides that a board employee whose duties include the administration of the board's functions may not have a financial interest in barbering other than as a consumer. Inspecting barber schools is one of the board's functions. V.T.C.S. art. 8407a, §28(a). Because a barber inspector's duties include administration of that board function, a barber inspector is subject to the prohibitions set out in section 29B. Teaching barbering leads directly to financial gain because a teacher in a barber college receives a salary for teaching barbering. We conclude, therefore, that a barber teacher has a "financial interest in barbering" for purposes of article 8407a, section 29B. Consequently, a barber inspector may not be employed as a part-time teacher in a barber college.

## S U M M A R Y

A member of the State Board of Barber Examiners may not take a licensing or certification examination offered by the board. Board employees subject to article 8407a, section 29B, may not work as teachers at barber colleges.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General