

# THE ATTORNEY GENERAL
## OF TEXAS

April 1, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

G. V. Brindley, Jr., M.D.
Executive Director
Texas State Board of Medical
    Examiners
P. O. Box 13562
Austin, Texas   78711

Opinion No. JM-665

Re: Authority of the State Board of Medical Examiners to require additional postgraduate medical training of certain licensure applicants

Dear Dr. Brindley:

You ask about an apparent conflict between sections 3.04 and 5.04 of the Texas Medical Practice Act (hereinafter the act), article 4495b, V.T.C.S. Section 3.04 appears to apply to all applicants for licensure by examination whereas section 5.04 applies specifically to students of foreign medical schools who are applicants for licensure by examination. Your questions turn on whether these provisions are mutually exclusive or whether a student of a foreign medical school must comply with certain provisions in both sections. A careful reading of each of these sections is essential to understand their effect.

Section 3.04 of article 4495b provides, in full:

> (a) An applicant, to be eligible for the examination and issuance of license, must present satisfactory proof to the board that the applicant:
>
> (1) is at least 21 years of age;
>
> (2) is of good professional character;
>
> (3) has completed 60 semester hours of college courses other than in medical school, which courses would be acceptable, at the time of completion, to The University of Texas for credit on a bachelor of arts degree or a bachelor of science degree;
>
> (4) is a graduate of a medical school or college that was approved by the board at the time the degree was conferred; and

(5) has successfully completed a one year program of graduate medical training approved by the board. <u>In addition to other licensure requirements, the board may require by rule and regulation that graduates of medical schools located outside the United States and Canada comply with other requirements that the board considers appropriate, including but not limited to additional graduate medical training in the United States, except those who qualify for licensure in Section 5.04 of this Act.</u> However, the applicant shall be eligible for examination prior to complying with Subdivision (5) of Subsection (a) of this section but shall not be eligible for the issuance of an unrestricted license until the requirements of this subsection have been satisfied.

(b) Applications for examination must be made in writing, verified by affidavit, filed with the board on forms prescribed by the board, and accompanied by a fee as the board determines to be reasonable. (Emphasis added).

Section 5.04 of article 4495b provides, in full:

(a) <u>Notwithstanding any other provision of law,</u> an individual who has been a student of a foreign medical school is eligible for licensure to practice medicine in this state if he:

(1) has studied medicine in a reputable medical school as defined by the board located outside the United States;

(2) has completed all of the didactic work of the foreign medical school;

(3) has attained a score satisfactory to a medical school in the United States approved by the Liaison Committee on Medical Education on a qualifying examination and has satisfactorily completed one academic year of supervised clinical training for foreign medical students as defined by the American Medical Association Council on Medical Education under the direction of the medical school in the United States;

(4) has attained a passing score on the Education Council for Foreign Medical Graduates

examination, or other examination, if required by the board; and

(5) has passed the examination required by the board of all applicants for license.

(b) Satisfaction of the requirements of Subsection (a) of this section are in lieu of the completion of any requirements of the foreign medical school beyond completion of the didactic work, and no other requirements shall be a condition of licensure to practice medicine in this state.

(c) Satisfaction of the requirements specified in Subsection (a) of this section shall be in lieu of certification by the Educational Council for Foreign Medical Graduates, and the certification is not a condition of licensure to practice medicine in this state for candidates who have completed the requirements of Subsection (a) of this section.

(d) A hospital that is licensed by this state, that is operated by the state or a political subdivision of the state, or that receives state financial assistance, directly or indirectly, may not require an individual who has been a student of a foreign medical school to satisfy any requirements other than those contained in Subdivisions (1), (2), (3), and (4) of Subsection (a) of this section prior to commencing an internship or residency.

(e) A document granted by a medical school located outside the United States issued after the completion of all the didactic work of the foreign medical school shall, on certification by the medical school in the United States in which the training was received of satisfactory completion by the person to whom the document was issued of the requirements listed in Subdivision (3) of Subsection (a) of this section, be considered the equivalent of a degree of doctor of medicine or doctor of osteopathy for purposes of licensure. (Emphasis added).

The apparent conflict between sections 3.04 and 5.04 of the act stems from the underscored language in subsection 3.04(a), subdivision 5 and subsections (a) and (b) of section 5.04. You suggest that subdivision (5) of subsection 3.04(a) implicitly repeals subsections

5.04(a) and (b). In 1981 the legislature incorporated both sections 3.04 and 5.04 into article 4495b in the same act. See Acts 1981, 67th Leg., 1st C.S., ch. 1, §1, at 1. Acts of the same legislative session must be construed together; courts will not presume one to have annulled the other. Wright v. Broeter, 196 S.W.2d 82, 85 (Tex. 1946). This is particularly true with regard to two statutes reenacted into one code. Subdivision (5) of subsection 3.04(a) was not added to article 4495b, however, until 1983. See Acts 1983, 68th Leg., ch. 974, §3, at 5291, 5293. When there exists an irreconcilable conflict between two statutes or two provisions of a statute, the later enactment will ordinarily control. See Wright v. Broeter, 196 S.W.2d at 85. Subsection 3.04(a), subdivision (5) and subsections 5.04(a) and (b) are not inconsistent. In fact, because subsection 3.04(a), subdivision (5) refers specifically to section 5.04, the legislature must have intended section 3.04 to be construed with section 5.04.

Your first specific question is whether subdivision (5) of subsection 3.04(a) authorizes the board to require additional graduate training of students of foreign medical schools. The relevant portion of subdivision (5) provides that

> [i]n addition to other licensure requirements, the board may require by rule and regulation that graduates of medical schools located outside the United States and Canada comply with other requirements that the board considers appropriate, including but not limited to additional graduate medical training in the United States, except those who qualify for licensure in section 5.04 of this Act. (Emphasis added).

V.T.C.S. art. 4495b, §3.04(a)(5). Consequently, the board clearly may not require additional graduate training of students of foreign medical schools who meet the requirements of section 5.04. The more difficult question is whether the exception for those who qualify for licensure under section 5.04 applies only to the "other requirements" and to the "additional graduate medical training" or to more general licensure requirements set out in subdivisions (1) through (4) of subsection 3.04(a).

You ask whether the board may apply the requirements of subdivisions (1) through (4) of subsection 3.04(a) to students of foreign medical schools. Subsection 5.04(a) provides that "[n]otwithstanding any other provision of law" a student of a foreign medical school is "eligible for licensure" if he meets certain specific requirements. Subsection 5.04(b) of the act states that

> [s]atisfaction of the requirements of Subsection (a) of this section are in lieu of the completion of any requirements of the foreign medical school beyond completion of the didactic work, and no

> other requirements shall be a condition of
> licensure to practice medicine in this state.
> (Emphasis added).

You suggest that subsections 5.04(a) and (b) only except students of foreign medical schools from additional requirements authorized by subdivision (5) of subsection 3.04(a), not from the requirements of subdivisions (1) through (4).

Subsection 3.04(a), subdivision (5) refers to section 5.04 in the context of an exception only to the additional requirements authorized in subsection 3.04(a), subdivision (5). By negative implication this constitutes evidence of the legislature's intent that the other statutory requirements in section 3.04 apply to students of foreign medical schools. Subdivision (5) of subsection 3.04(a) authorizes the board to impose by rulemaking "other requirements," including "additional graduate medical training," on students of foreign medical schools. These requirements may be imposed "[i]n addition to other licensure requirements." This statement refers logically to the statutory licensure requirements set out in subdivisions (1) through (4) of subsection 3.04(a) and indicates that these subdivisions apply to students of foreign medical schools. Subdivision (5) of subsection 3.04(a) provides that in addition to these licensure requirements, the board may impose "other requirements" and "additional graduate medical training" except of "those who qualify for licensure in section 5.04." This exception logically applies only to the phrases "other requirements" and "additional graduate medical training," not to "other licensure requirements."

This construction also follows from an examination of the basic purpose for section 5.04. Section 5.04 provides a specific method by which students of foreign medical schools may complete their graduate training in the United States. Subsection 5.04(b) provides that "[s]atisfaction of the requirements of subsection (a) . . . are in lieu of the completion of any requirements of the foreign medical school beyond completion of the didactic work." Consequently, the final clause in subsection 5.04(b), that "no other requirements shall be a condition of licensure to practice medicine in this state," logically refers only to other requirements regarding completion of the didactic work and additional graduate medical training.[1]

---

1.  Subsection 3.04(a), subdivision (4) requires graduation from a medical school approved by the board. Subsection 5.04(a), subdivisions (1) and (2) require only the completion of all of the didactic work of a "reputable" foreign medical school as defined by the board. These requirements are not, however, in conflict. See §5.04(e) (completion of didactic work and meeting requirements of subsection 5.04(a), subdivision (3) shall be considered equivalent of degree).

Finally, it would be unreasonable to conclude that the legislature intended section 5.04 to be a complete substitute over section 3.04 for all of the requirements for licensure by examination. Subdivisions (1) and (2) of subsection 3.04(a) require, respectively, that applicants for licensure be at least 21 years of age and of good professional character. Section 5.04 contains no similar general requirements for applicants for licensure who are students of foreign medical schools. The Board of Medical Examiners has only the powers granted expressly or by necessary implication in Texas law. If section 5.04 were deemed the exclusive set of all requirements for students of foreign medical schools, the board would have no authority to impose these basic requirements. For these reasons, the board may apply the general requirements in section 3.04 to a student of a foreign medical school who applies for licensure by examination.

## S U M M A R Y

The Texas State Board of Medical Examiners may not impose the "other requirements" and "additional graduate medical training" authorized by subsection 3.04(a), subdivision (5) of article 4495b, V.T.C.S., on students of foreign medical schools who meet the requirements of subsection 5.04(a) of article 4495b. The board may, however, apply the general, statutory requirements of section 3.04 to students of foreign medical schools.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General