

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 4, 2014

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
101 West Nueva
San Antonio, Texas 78205

Opinion No. GA-1046

Re: When district courts should begin collecting the new fees for electronic filing under House Bill 2302 and Senate Bill 390 (RQ-1151-GA)

Dear Ms. Reed:

You ask about the date on which district court clerks should begin collecting the fees mandated by Government Code section 51.851.[1]

Section 51.851 was added to the Government Code by House Bill 2302, adopted by the Eighty-third Legislature, in response to the Texas Supreme Court's order mandating electronic filing for most civil courts in Texas. Act of May 16, 2013, 83d Leg., R.S., ch. 1290, § 2, 2013 Tex. Gen. Laws 3269, 3270 (codified at TEX. GOV'T CODE ANN. § 51.851 (West Supp. 2013)) (hereinafter "H.B. 2302"); see Texas Supreme Court Administrative Order, Misc. Docket No. 12-9206, at 3–4 (Dec. 11, 2012). Section 51.851 implements specific filing fees and court costs, including a $20 fee to be collected by the clerk of certain courts "on the filing of any civil action or proceeding requiring a filing fee, including an appeal" and certain other filings. TEX. GOV'T CODE ANN. § 51.851(b) (West Supp. 2013). Relevant here, section 21 of H.B. 2302, an uncodified provision, exempts the fees authorized by section 51.851 from the requirements of Government Code section 51.607. See H.B. 2302 § 21(a)(1), at 3274.

Section 51.607, titled "Implementation of New or Amended Court Costs and Fees," provides in part that "[n]otwithstanding the effective date of the law imposing or changing the amount of a court cost or fee . . . the imposition or change in the amount of the court cost or fee does not take effect until the next January 1 after the law takes effect." TEX. GOV'T CODE ANN.

---

[1]See Letter from Honorable Susan D. Reed, Bexar Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 3 (Sept. 12, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

§ 51.607(c) (West Supp. 2013). Prior to the 2013 legislative session, section 51.607 contained a subsection (d), which provided in part that "[t]his section does not apply to a court cost or fee if the law imposing or changing the amount of the cost or fee . . . expressly provides that [section 51.607] does not apply to the imposition or change in the amount of the cost or fee." Act of June 1, 2003, 78th Leg., R.S., ch. 209, § 81(a), 2003 Tex. Gen. Laws 979, 1002, *repealed by* Act of May 17, 2013, 83d Leg., R.S., ch. 417, § 1, 2013 Tex. Gen. Laws 1206, 1206 (hereinafter "S.B. 390"). Subsection 51.607(d) was repealed by the Eighty-third Legislature's adoption of S.B. 390, which became effective on June 14, 2013. S.B. 390, §§ 1, 3, at 1208.

You assert that by repealing subsection (d) the Legislature intended for the "collection of all new court costs and fees . . . [to] begin on January 1 without exception." Request Letter at 3 (emphasis omitted). Thus, you suggest that H.B. 2302 and S.B. 390 conflict and ask whether district court clerks should have begun collecting new fees when H.B. 2302 became effective on September 1, 2013, or whether the collection of the fees should be delayed until January 1, 2014 pursuant to subsection 51.607(c). Request Letter at 3; *see* H.B. 2302 § 23, at 3274 (effective date).[2]

Like the courts, our primary objective when construing statutes is to give effect to the Legislature's intent as expressed in the statute's plain language. *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). When construing acts passed during the same legislative session, "there must be an express repeal, or an irreconcilable repugnancy between them" for the latter act to control the former. *Wright v. Broeter*, 196 S.W.2d 82, 85 (Tex. 1946). H.B. 2302 expressly exempts the electronic filing fees assessed under section 51.851 from the application of section 51.607. H.B. 2302 § 21(a)(1), at 3274. It also expressly applies "only to a fee that becomes payable on or after September 1, 2013." H.B. 2302 § 21(b), at 3274. This indicates that the Legislature did not intend for the implementation of such fees to be delayed until January 1, 2014, as would be provided under subsection 51.607(c).

S.B. 390 makes no reference to H.B. 2302, nor does it contain any language indicating that section 51.607 should control in the event of a potential conflict with another law. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). S.B. 390 merely removed an express exception from section 51.607. Construing S.B. 390 to mean that section 51.607 should apply entirely without exception would render section 21 of H.B. 2302 meaningless. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d

---

[2]You suggest that the Comptroller has taken the position that "collection of the new $20 electronic filing fee should begin on January 1, 2014." Request Letter at 3. However, you do not direct us to any written statement expressing the views of the Comptroller's Office on the matter. Because we can find no indication that the Comptroller's Office has formally adopted this position, we cannot give any weight to your representation of the Comptroller's position.

628, 637 (Tex. 2010) (stating that courts "'do not lightly presume that the Legislature may have done a useless act'" or enacted a meaningless statute).  It would also contravene the general rule that "one Legislature cannot bind the hands of a subsequent Legislature." *Jefferson Cnty. v. Bd. of Cnty. & Dist. Rd. Indebtedness*, 182 S.W.2d 908, 915 (1944).  By contrast, giving full effect to H.B. 2302 in no way violates section 51.607 as amended by S.B. 390.  Therefore, H.B. 2302 and S.B. 390 do not conflict.

Accordingly, the new fee amounts mandated by section 51.851 of the Government Code apply to fees that became payable on or after September 1, 2013.[3]

---

[3]In briefing submitted to this office, the Office of Court Administration ("OCA") takes the position that "regardless of the intent behind the repeal of Subsection (d), neither the repeal of [subsection 51.607(d)] nor any other provision in statute prohibits the Legislature from excepting an existing statute from being applicable to a new law."  Brief from David Slayton, Admin. Dir., Office of Ct. Admin. at 2 (Oct. 24, 2013) (on file with the Op. Comm.).  OCA therefore concludes, consistent with this opinion, that the fee mandated by section 51.851 became effective September 1, 2013. *Id.* at 1.

## S U M M A R Y

The fee amounts mandated by Government Code section 51.851 apply to fees that became payable on or after September 1, 2013.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee